**Jalka DUKURAY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71083.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 27, 2006.

Decided April 5, 2006.

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of

Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jeffrey J. Bernstein, Esq., Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL,* District Judge.

### MEMORANDUM **

In this petition, Jalka Dukuray challenges an order of removal and the denial of his applications for asylum and withholding of removal. Dukuray argues that he is eligible for asylum based on his imputed political opinion and his tribal affiliation. We review the BIA's asylum eligibility determination for substantial evidence. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this deferential standard, Dukuray "must show that the evidence not only supports, but compels the conclusion that the BIA was incorrect." *Al–Saher v. INS*, 268 F.3d 1143, 1145 (9th Cir.2001). We conclude that the BIA's decision is supported by substantial evidence, and we deny the petition.

Substantial evidence supports the BIA's finding that Dukuray is not eligible for asylum based on past persecution. The evidence does not compel the conclusion that the rebels' atrocities were committed " 'on account of one of the statutorily-pro-tected grounds.' " *Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000) (citation omitted). With respect to the tribal affiliation claim, Dukuray presented scant evidence that he and his family were targeted because they were Mandingo. Although the evidence suggests that the 1996 and 1998 incidents were motivated by the rebels' desire to forcibly recruit Dukuray and his brother, no further motive can be discerned. And, as Dukuray rightly concedes, the mere fact that a rebel group "attempt[s] to coerce a person into performing military service" does not "constitute[ ] persecution on account of political opinion." *Elias–Zacarias*, 502 U.S. at 479, 112 S.Ct. 812 (quotation marks and alteration omitted).

Dukuray also argues that he suffered past persecution on account of his imputed political opinion, namely his support for the government. Here again, Dukuray presented no facts linking the specific acts of violence to his political beliefs, either real or imputed. Although we agree that not all of the atrocities occurred in the context of recruitment efforts, there is also no evidence that these incidents were prompted by Dukuray's imputed beliefs. In fact, the only evidence in the record suggests the opposite conclusion: Dukuray testified that neither he nor his family were politically active.

Nor does the evidence compel the conclusion that Dukuray has a well-founded fear of future persecution. We assume that Dukuray genuinely fears the prospect of returning to Sierra Leone, but there is substantial evidence that Dukuray's fear— the fear of persecution "on account of" a statutorily-protected characteristic—is not objectively reasonable. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000)

---

* The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

("Petitioner's well-founded fear must be that the guerrillas will persecute her because of a protected ground rather than for any other reason"). Dukuray can point to no "credible, direct, and specific evidence" indicating that he would be persecuted based on one of the statutorily-recognized grounds. *Barraza Rivera v. INS*, 913 F.2d 1443, 1449 (9th Cir.1990) (citation omitted).

Because Dukuray has failed to establish eligibility for asylum, his petition for withholding of removal must also be denied. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.